IN THE UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

LIVEVIDEO.AI CORP.,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION and

UNITED STATES OF AMERICA,

Respondents.

No. __26-1176__

PETITION FOR REVIEW OF AGENCY ACTION

AND, IN THE ALTERNATIVE,

PETITION FOR WRIT OF MANDAMUS


Petitioner LiveVideo.AI Corp. ("LiveVideo"), by counsel, petitions

this Court under 47 U.S.C. § 402(a) and 28 U.S.C. §§ 2342(1) and 2344

for review of the Federal Communications Commission's Memorandum

Opinion and Order in In re Applications for Consent to the Transfer of

Control of Paramount Global, MB Docket No. 24-275, FCC 25-43,

released July 24, 2025 (the "Order"). See Motion Appendix Ex. A.

In the alternative, if the Court concludes that Commission-level review remains pending because the Commission has not acted on Petitioner's timely Application for Review and related post-order filings, Petitioner seeks a writ of mandamus under 28 U.S.C. § 1651 and 5 U.S.C. § 706(1) directing the Commission to decide those matters within a date certain.

Petitioner contemporaneously files an Emergency Motion for a Stay Pending Review and for an Immediate Administrative Stay. For convenience and to avoid duplicative filings, Petitioner refers herein to the exhibits accompanying that motion as the "Motion Appendix." For avoidance of doubt, Petitioner cites the Motion Appendix for convenience and does not intend to convert the present filing into a merits appendix or later joint appendix.

This petition is being filed because the Commission approved first, took the benefit of final agency action, and then refused to decide the review papers that directly challenged that approval. The Court should not allow agency silence to become a substitute for agency review.

Before the Order issued, the docket already reflected repeated LiveVideo filings directed to ex parte compliance, congressional concerns, record completeness, and related public-interest issues. The FCC's own history report reflects LiveVideo filings on May 7, May 14, June 4, June 5, June 16, June 23, July 3, July 8, July 9, July 16, and July 24, 2025. See Motion Appendix Ex. B. One of those filings was a June 5, 2025 notice attaching a June 2, 2025 Office of General Counsel complaint concerning suspected ex parte violations. See Motion Appendix Ex. D. Another was congressional correspondence filed July 23, 2025, one day before the Order issued. See Motion Appendix Ex. F.

The Commission's own Order and docket history also show that this was not a one-objector proceeding. FCC 25-43 identifies second-cycle pleadings from Center for American Rights, LiveVideo.AI Corp., FUSE Media, and the Gabelli Entities, while the docket history reflects broader participation by One Ministries, labor organizations, Gabelli-related filers, Mack Toys, and others. See Motion Appendix Exs. A-B.

The Court should not view this petition as the complaint of a solitary dissenter. It arises out of a genuinely contested transfer proceeding.

After release of the Order, Petitioner timely pursued Commission-level review through a continuous sequence of post-order filings. The history report and ECFS search-result pages reflect, among other things, a July 28, 2025 petition; a July 29, 2025 reconsideration filing; an August 1, 2025 Application for Review; an August 1, 2025 Petition for Declaratory Ruling; August 4 and August 5, 2025 review-related filings; an August 11, 2025 petition; later congressional-correspondence filings; November 2025 motions and requests; a December 18, 2025 motion to compel; and later filings continuing into 2026. See Motion Appendix Exs. B, G.

The Commission has not adjudicated Petitioner's timely Application for Review or the related post-order petitions and motions. The Motion Appendix shows agency receipt and docketing, but no Commission-level merits resolution. See Motion Appendix Exs. B, G.

That is not a scheduling footnote. It is the case.

Petitioner's filings were also serious enough to draw contemporaneous coverage in MLex, a legal and regulatory news service, because they raised concrete challenges to the integrity of the proceeding and the sufficiency of the record. MLex reported on July 24, 2025 that LiveVideo sought Chairman Carr's disqualification based on an alleged undisclosed ex parte communication with David Ellison and alleged concealment of material facts concerning settlement and broadcast-ad credits. MLex then reported on July 28, 2025 that LiveVideo sought rehearing on the ground that the FCC had mischaracterized or disregarded unresolved congressional inquiries and had swept LiveVideo's motions to reopen the record, petition for declaratory relief, and motion for production of evidence into a false narrative minimizing Congress's actual concerns. And MLex later reported that LiveVideo's reconsideration filings relied on alleged events and supporting materials tied to the June 7, 2025 UFC 316 meeting between David Ellison and President Trump. The point is not

that press coverage proves every allegation. The point is that contemporaneous legal-media reporting confirms that Petitioner's filings were concrete, evidentiary, and directed to the decisional integrity of the transfer proceeding. See Motion Appendix Ex. K.

If the Court concludes that FCC 25-43 is presently reviewable, Petitioner seeks review and appropriate relief, including vacatur and remand. If the Court concludes that Commission review remains pending, Petitioner seeks mandamus because the Commission's failure to decide has become unreasonable and now threatens to defeat meaningful review.

Petitioner is aggrieved by the Order and the Commission's non-action. Petitioner participated in the underlying proceeding, filed repeated objections and review papers, and suffered competitive, shareholder, procedural, and record-integrity injury from the Commission's approval and its refusal to act. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992); FCC v. Sanders Bros. Radio Station, 309

U.S. 470 (1940); Office of Commc'n of United Church of Christ v. FCC, 359 F.2d 994 (D.C. Cir. 1966).

Venue lies in this Court because the Federal Communications Commission maintains its principal office in the District of Columbia.

Petitioner respectfully requests that this Court:

a. review FCC 25-43 and set aside unlawful agency action;

b. in the alternative, issue a writ of mandamus directing the Commission to adjudicate Petitioner's pending Application for Review and related petitions and motions in MB Docket No. 24-275 within a date certain;

c. grant appropriate interim and ancillary relief, including relief necessary to preserve meaningful review; and

d. grant such other and further relief as the Court deems just and proper.

Dated: June 26, 2026

Counsel for Petitioner LiveVideo.AI Corp.

Respectfully submitted,

/s/ Alfred C. Constants III

Alfred C. Constants III

Constants Law Offices, LLC

115 Forest Avenue, Unit 331

Locust Valley, NY 11560

(516) 200-9660

constantslaw49@gmail.com

Counsel for Petitioner LiveVideo.AI Corp.