ORAL ARGUMENT NOT YET SCHEDULED

**No. 26-1176**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**LIVEVIDEO.AI CORP.,**

Petitioner,

v.

**FEDERAL COMMUNICATIONS COMMISSION and**
**UNITED STATES OF AMERICA,**

Respondents.

_____

**MOTION TO COMPLETE AND CERTIFY THE ADMINISTRATIVE**
**RECORD**

(Fed. R. App. P. 16–17; D.C. Cir. R. 17)

_____

Petitioner LiveVideo.AI Corp. moves under Federal Rules of Appellate Procedure 16 and 17 and D.C. Circuit Rule 17 for an order directing the Commission to file — or, to the extent it has filed a certified list or index, to supplement and re-certify — a complete administrative record for MB Docket No. 24-275, including the materials identified below, and to produce a document-by-document log for any responsive material withheld.

## BACKGROUND

Review proceeds on the whole record that was before the agency when it decided. 5 U.S.C. § 706. The record on review of an agency order comprises the order, the pleadings and evidence before the agency, and the agency's findings and proceedings. Fed. R. App. P. 16(a). Rule 17 obliges the agency to file that record.

Petitioner filed its Petition to Deny in November 2024 and filed continuously thereafter through April 2026. Materials that Petitioner submitted to the Commission and to its components — and materials the applicants submitted — are not reflected in what has been certified. Petitioner does not ask the Court to assume the Commission acted improperly. It asks the Court to require the Commission to say, on the record and under certification, what was actually before it.

## THE MATERIALS SOUGHT

Petitioner requests that the record include, and that the Commission certify the completeness of, the following:

(a)  All ex parte presentations, notices, and associated written materials in MB Docket No. 24-275, including the applicants' notices of July 17, 22, and 23, 2025, and any presentation, contact, or communication attributable to the applicants or their principals that was not disclosed on the docket;

(b)  Any report, analysis, determination, or disposition of the Office of General Counsel concerning the ex parte complaints Petitioner submitted in this proceeding on or about June 2, June 5, and June 16, 2025 (including ECFS Nos. 10605106239395 and 1061654241636) — or, if no such determination was made, a certification to that effect — together with the complaints themselves and any referral or other action taken on them. See 47 C.F.R. §§ 1.1214, 1.1216;

(c)  Petitioner's Inspector General complaint or referral concerning this proceeding, and any disposition, referral, or action taken on it, to the extent it was before or communicated to the decisionmakers;

(d)  Any ethics screening, recusal determination, authorization, or advice — including any analysis under 18 U.S.C. § 208 and 5 C.F.R. § 2635.502 — concerning the Chairman's participation in matters involving Paramount, Skydance, or Warner Bros. Discovery;

(e)   All materials bearing on the timing and effective dating of amendments to the transfer application, including electronic filing receipts, ECFS submission timestamps and confirmation numbers, and any correspondence concerning acceptance or "effective" dates. See 47 C.F.R. § 1.65; and

(f)   The amendment to the transfer application referred to in the Memorandum Opinion and Order of July 24, 2025, together with the complete record of its submission and treatment, specifically: (i) the amendment itself and every version of it in the Commission's possession; (ii) all records showing how, when, and by whom it was delivered to the Commission, including electronic filing receipts, ECFS confirmation numbers, transmittal correspondence, electronic mail, and any record of hand delivery; (iii) any determination, memorandum, or communication addressing whether the amendment was required to be placed on public notice, whether a further comment period or hearing was required, and the basis for any conclusion that neither was necessary, see 47 C.F.R. §§ 1.65, 73.3580; and (iv) any determination or communication addressing whether the submission of the amendment constituted a presentation subject to the ex parte rules, and the basis for any conclusion that it did not. See 47 C.F.R. §§ 1.1202(a), 1.1206;

(g)   Any photograph, video recording, audio recording, or transcript in the Commission's possession, custody, or control — or to which the Commission

has access — depicting or recording the events of UFC 314 (April 12, 2025) and UFC 316 (June 7, 2025) that are the subject of Petitioner's docketed submissions, including any such material bearing on whether the transaction's controlling principal was present with, seated near, or in conversation with the President or with any Commission official at those events;

(h) All correspondence, communications, and records in the Commission's possession, custody, or control concerning any meeting, attempted meeting, or contact between the applicants or their principals, on the one hand, and Senator Ted Cruz or any member of his staff, on the other, at or in connection with the events of UFC 314 on April 12, 2025 — including (i) any communication from Senator Cruz or his staff to the Commission relating to MB Docket No. 24-275, whether or not it was placed in the docket, see 47 C.F.R. §§ 1.1206(b), 1.1208; (ii) any internal Commission communication referring to such a meeting, attempted meeting, or contact; and (iii) any determination whether such a communication constituted an ex parte presentation required to be disclosed. Petitioner's docketed submissions include a photograph of the transaction's controlling principal at UFC 314 in which Senator Cruz appears. Petitioner seeks only materials within the Commission's possession or to which it has access, and does not by this motion seek records of the Senate;

5

(i) To the extent identified, considered, or possessed by the Commission in connection with any impartiality, recusal, or gift analysis touching this proceeding: (i) any communication, arrangement, agreement, sponsorship, or other relationship between the Commission and TKO Group Holdings, Inc., the public parent of Zuffa, LLC d/b/a Ultimate Fighting Championship, or Endeavor Group Holdings, Inc., including any arrangement under which Commission personnel attended UFC events or received training, instruction, or hospitality; and (ii) any communication, arrangement, agreement, or financial relationship between the Commission and Palantir Technologies Inc., together with any document reflecting whether such a relationship was identified or evaluated in any analysis under 18 U.S.C. § 208 or 5 C.F.R. § 2635.502 concerning the Chairman's participation, his spouse being employed by that company. Petitioner seeks these materials only as they bear on the ethics and impartiality analyses requested in category (d), and does not by this motion seek the Commission's procurement files generally;

(j) All records concerning tickets, admission, or hospitality provided to any Commission employee, including the Chairman, for the Kennedy Center Honors gala, associated dinners, or receptions in any year from 2017 through the present by CBS Corporation, ViacomCBS Inc., Paramount Global, or the John F. Kennedy Center for the Performing Arts, specifically: (i) each written

6

determination by the agency designee under 5 C.F.R. § 2635.204(g)(3) authorizing acceptance of free attendance at a widely attended gathering, or a certification that no such determination was made; (ii) any waiver, authorization, or ethics advice given or sought in connection with the acceptance of any such ticket or hospitality; (iii) the identity of the official who authorized each acceptance; and (iv) any communication concerning attendance at, or the provision of tickets or hospitality for, any future gala or event by any of those entities or their successors;

(k) Any staff memoranda, analyses, or communications actually before the decisionmakers concerning the matters in (a)–(j).

## ARGUMENT

1. This is a motion to complete the record, not to supplement it with extra-record material. The distinction matters and Petitioner observes it. The record consists of everything the agency "directly or indirectly considered," not merely what it chose to cite. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971); see also Fed. R. App. P. 16(a). Each category above seeks documents that were before the Commission or its components in this proceeding. Petitioner does not ask the Court to receive material the agency never saw, and does not invoke the exceptions catalogued in Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989),

7

whose continuing scope this Court has since had occasion to question. Cf. James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996).

2. The presumption of regularity does not resolve this motion. That presumption attaches to a certification the agency has made; it is not a reason to excuse the agency from making one. And where a party identifies particular documents with specificity, the presumption yields. Petitioner does not speculate. Each category is tied to an identified ECFS submission, to a complaint Petitioner itself filed and can date, or to a record-based discrepancy — the applicants' dated ex parte notices, and the divergence between filing timestamps and "effective" dates.

3. Completeness bears directly on the questions presented. Petitioner's brief contends the Commission failed to enforce its ex parte rules, failed to address docketed evidence, and failed to act on filings that remain pending. Whether that is so cannot be tested against a record the Commission has not certified as complete. An agency's silence in its order should not be compounded by silence about what it had in front of it.

4. The Office of General Counsel determination is the clearest example, and it requires no speculation. Petitioner does not assert that a particular document exists. Petitioner submitted ex parte complaints to the Office of General Counsel under 47 C.F.R. § 1.1214, and on August 11, 2025 petitioned the Commission to release the Office's determinations and to explain their omission from the Order. The

Commission neither released anything nor acknowledged the request. This motion asks only that the Commission now answer the question its own rule poses: what did the Office of General Counsel do with those complaints? Every available answer is material. If a determination was made adverse to the applicants, the Order was entered without addressing it. If a determination was made in the applicants' favor, it was before the agency and its omission from the Order is itself a procedural defect. And if no determination was ever made, then the Commission received rule-specific complaints under its own enforcement rule and did nothing with them — which is what Petitioner contends. The Commission should be required to say which of these occurred rather than leave the question unanswered a second time.

5. The amendment to the application presents the same structure, and the Commission's own Order makes it unavoidable. The Order refers to an amendment to the transfer application. An amendment is a filing, and a filing has a provenance: it was transmitted somehow, received by someone, and evaluated by someone against the Commission's public-notice rule and its ex parte rules. None of that appears in the certified record. The rules make each step a documented one. Section 1.65 imposes a continuing obligation to keep applications accurate and complete. Section 73.3580 governs public notice of amendments. And a written or oral presentation to decisionmaking personnel in a restricted proceeding is an ex parte presentation subject to disclosure unless it falls within an exception. 47 C.F.R. §§

1.1202(a), 1.1204. Petitioner does not know which exception the Commission thought applicable, because the Commission has never said, and because the amendment does not appear in the applicants' ex parte notices filed before July 24, 2025.

6. Here too, each possible answer is material, and Petitioner asks only that the Commission supply one. If the amendment was submitted through a channel the Commission treated as exempt from the ex parte rules, the record should show the channel and the basis for the exemption. If the Commission determined that no further public notice or comment was required, that determination is a document and should be produced. If no such determination was made, then a material amendment was accepted and relied upon in the Order without the analysis the rules contemplate. Petitioner advances no theory here about what the parties discussed, and the Court need not adopt one; the point is narrower and entirely procedural. An amendment material enough to be cited in the Order is material enough that the record should show how it arrived and how the Commission concluded that neither disclosure nor comment was owed. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

7. Category (h) is narrow and is directed only at the Commission's own files. A contact between an applicant and a Member of Congress is not, standing alone, part of an agency record. It becomes so in either of two ways, and both are matters the Commission alone can answer. First, if Senator Cruz or his staff communicated

with the Commission about this restricted proceeding, that communication was an ex parte presentation subject to the disclosure rules, and it belongs in the docket whether or not it was placed there. 47 C.F.R. §§ 1.1206(b), 1.1208. Second, if the Commission possessed information that the transaction's controlling principal met or sought to meet with the chairman of the Senate committee exercising oversight of the Commission while this application was pending, that information bears on the ex parte questions Petitioner raised and on the candor of the applicants' own disclosures. Petitioner does not allege that any such meeting occurred or that Senator Cruz did anything improper, and the Court need not assume either. Petitioner's request is specific rather than exploratory: its docketed submissions include a photograph taken at UFC 314 in which both the controlling principal and Senator Cruz appear. If the Commission has nothing responsive, it can say so, and that answer is itself part of a complete record.

8. Category (i) is likewise confined to the Commission's ethics file, and Petitioner states its limits expressly so that the Court is not asked to authorize a general inquiry into agency operations. Two entities are named for reasons specific to this proceeding. TKO Group Holdings, Inc. is the counterparty to the licensee's $7.7 billion UFC media-rights transaction announced on August 11, 2025, and UFC events are where Petitioner's docketed submissions place the undisclosed contacts. Palantir Technologies Inc. employs the Chairman's spouse as its head of global

policy, a fact Petitioner's brief identifies and the Order does not address. Under 5 C.F.R. § 2635.502, the employment of a spouse by an entity creates a covered relationship, and an employee who determines that a reasonable person would question his impartiality in a particular matter involving specific parties should not participate without informing the agency designee. Whether the Commission performed that analysis, and what it identified in performing it, are questions answerable only from the Commission's own records. Petitioner does not by this motion seek the Commission's procurement files, contract awards, or payment records as such; those are the subject of requests under the Freedom of Information Act, and Petitioner does not ask this Court to order their production. Petitioner seeks the ethics analysis and what the Commission identified when it conducted one — or a certification that none was conducted.

9. Category (j) asks for a document the Commission's own rules require to exist. An employee may not accept a gift from a prohibited source unless an exception applies, and the exception for free attendance at a widely attended gathering operates only where the agency designee has made the required determination — in writing, where the gift comes from someone other than the sponsor of the event. 5 C.F.R. §§ 2635.202, 2635.204(g)(3). The Chairman's certified public financial disclosures report acceptance of Kennedy Center Honors gala tickets and related hospitality from the licensee and its corporate predecessors

12

in six of the last eight report years, in amounts rising from $8,450 to $11,724, including in years when this application was pending. Either the determinations exist and are agency records, or they were not made and the acceptances did not rest on the exception they must have rested on. Petitioner does not ask the Court to assume which; it asks that the Commission be required to say. Contemporaneous reporting states that the Commission declined to identify who authorized the tickets, which is why the request includes the identity of the authorizing official.

10. Privilege claims should be logged, not assumed. To the extent the Commission withholds responsive material as deliberative or otherwise privileged — a claim most likely as to categories (d), (f), (i), (j), and (k) — it should identify each item and the basis for withholding, so the claim can be tested rather than accepted by default. Cf. Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

11. This motion and Petitioner's motion for leave to file a deferred appendix, filed the same day as this motion, are addressed to the same problem and should be resolved together. The appendix reproduces the record for the Court's convenience; it cannot sensibly be closed while the content of the record is contested. Granting deferral costs nothing and permits the appendix to reflect whatever the Commission certifies in response to this motion. Petitioner will include in the appendix any material the Commission produces.

12. Relation to Petitioner's other pending requests. Petitioner's Emergency Motion (Doc. #2180914), Notice of Clarification and Attachment of Narrow Supplemental Exhibits (Doc. #2182493), motions for judicial notice (Docs. #2182600 and #2183690), and Notice of Subsequent Development filed July 27, 2026 all remain pending, and Petitioner has argued in the alternative that the Order is not yet final because the Commission has not acted on the Application for Review. Petitioner seeks record completion in either posture: if the Order is reviewable, the Court needs the whole record to review it; if it is not yet final, the same materials bear on whether the Commission's delay is reasonable.

13. Timing. Petitioner does not represent that closing is imminent. On July 24, 2026, the parties to the parallel antitrust litigation stipulated that the transaction will not close until the earlier of five days after a merits determination or June 1, 2027. Stipulation and [Proposed] Order Not to Close ¶ 1, Dkt. Nos. 169–170, California v. Paramount Skydance Corp., No. 4:26-cv-07116-AMO (N.D. Cal.). That deferral is contingent and may lift on five days' notice. Petitioner therefore asks that this motion be resolved on a schedule that does not depend on when the private stipulation lifts. Rule 27(a)(4) statement. On the evening of July 28, 2026, Petitioner's counsel sent counsel for Respondents, by electronic mail addressed to Adam Sorenson at fcclitigation@fcc.gov, notice of Petitioner's intent to file this motion, a motion for leave to file a deferred appendix, and a motion for summary disposition, and

requested that Respondents state their position on each by 7:00 p.m. Eastern on July 29, 2026. No response was received by that hour, and counsel initially understood the silence to reflect that Respondents declined to state a position. Later the same evening, while preparing this filing, counsel discovered that his electronic mail provider had returned a notification that the message could not be delivered to the address used. Petitioner accordingly does not represent that Respondents received the notice, and reports the absence of a response as a delivery failure rather than as a declination to state a position. Petitioner cures the failure by this filing: because the motion is filed and served through the Court's CM/ECF system, which serves all counsel of record registered in this case, Respondents receive both the motion and notice of the relief sought contemporaneously with its submission. See Fed. R. App. P. 25(c)(2); see also the Certificate of Service below. Petitioner will promptly notify the Court of any position Respondents state, and does not oppose a reasonable enlargement of time for Respondents to respond to this motion in view of the delivery failure.

## CONCLUSION

The Court should order the Commission to file and certify a complete administrative record including the categories identified above, or to supplement and re-certify accordingly; to state whether the Office of General Counsel made any determination on Petitioner's ex parte complaints and, if so, to produce it, and if not,

to certify that none was made; and to provide a document-by-document log for any responsive material withheld.

Respectfully submitted,

/s/ Alfred C. Constants III
Alfred C. Constants III, Esq.
Constants Law Offices, LLC
115 Forest Avenue, Unit 331
Locust Valley, NY 11560
(516) 200-9660
constantslaw49@gmail.com

Counsel for Petitioner LiveVideo.AI Corp.

Dated: July 29, 2026

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 3,294 words, as counted by the word-processing system used to prepare it. This motion also complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in a proportionally spaced typeface, Times New Roman, in 14-point size.

/s/ Alfred C. Constants III

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/ Alfred C. Constants III