ORAL ARGUMENT NOT YET SCHEDULED

No. 26-1176

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————

**LIVEVIDEO.AI CORP.,**

Petitioner,

v.

**FEDERAL COMMUNICATIONS COMMISSION and
UNITED STATES OF AMERICA,**

Respondents.

———————————————

ON PETITION FOR REVIEW OF AN ORDER OF THE
FEDERAL COMMUNICATIONS COMMISSION

———————————————

**MOTION OF PETITIONER LIVEVIDEO.AI CORP. FOR LEAVE
TO FILE A DEFERRED APPENDIX**

———————————————

Alfred C. Constants III, Esq.
Constants Law Offices, LLC
115 Forest Avenue, Unit 331
Locust Valley, NY 11560
(516) 200-9660
constantslaw49@gmail.com

Counsel for Petitioner LiveVideo.AI Corp.

1

## MOTION FOR LEAVE TO FILE A DEFERRED APPENDIX

Pursuant to Federal Rule of Appellate Procedure 30(c)(1) and D.C. Circuit Rules 27 and 30, Petitioner LiveVideo.AI Corp. respectfully moves for leave to defer preparation and filing of the appendix until after the briefs have been filed, and to file the appendix within 21 days after service of Respondents' brief. In support of this motion, Petitioner states as follows:

1. Petitioner filed its brief on July 27, 2026, the date on which it was due. On July 28, 2026, Petitioner filed its Designation of the Parts of the Record to Be Included in the Appendix, a copy of which is attached as Exhibit A. The designation identifies forty-one categories of record material drawn from MB Docket Nos. 24-275 and 26-93 and from related judicial and agency proceedings, and states the basis on which each is included — whether as part of the administrative record in MB Docket No. 24-275 or as an official public record subject to judicial notice. Respondents' period under Rule 30(b)(1) to designate additional parts of the record began to run on service of that designation and has not expired.

2. This motion follows the designation by one day, and Petitioner explains the interval candidly. Before filing, Petitioner served counsel for Respondents with notice of its intent to file this motion and two others, and asked Respondents to state their positions so that those positions could be reported to the Court as D.C. Circuit Rule 27(a)(4) requires. Petitioner deferred filing to afford Respondents that

opportunity rather than file first and characterize their position afterward. No deadline has been affected: the appendix has not been filed, Respondents' brief has not been filed, and Respondents' period to designate additional record parts runs from July 28, 2026 in any event. Petitioner respectfully submits that a one-day interval taken to comply with Rule 27(a)(4) is not a ground for denying leave.

3.    Rule 30(c)(1) authorizes the Court to order, in a particular case, that preparation of the appendix be deferred until after the briefs are filed. The Advisory Committee explained that deferral is especially appropriate "in review of agency proceedings," where it "permits the parties to determine what parts of the record need to be reproduced in the light of the issues actually presented by the briefs," and where, "[w]hen the record is long, use of this method is likely to result in substantial economy to the parties." Fed. R. App. P. 30 advisory committee's note to 1967 amendment, subdiv. (c).

4.    Petitioner is filing herewith a Motion to Complete and Certify the Administrative Record under Federal Rules of Appellate Procedure 16 and 17. That motion identifies categories of material — ex parte presentations, Office of General Counsel complaints and any disposition of them, ethics and recusal determinations, and filing timestamps bearing on the effective dating of amendments — that Petitioner submits were before the Commission but are not reflected in what has been certified. The appendix reproduces the record for the Court's convenience. It

cannot sensibly be closed while the contents of the record remain contested. Deferral permits the appendix to reflect whatever the Commission certifies in response to that motion, and Petitioner will include any material the Commission produces.

5.  This is such a case. The proceeding below spans two agency dockets and more than two years. The record includes multiple pleading cycles, successive ex parte notices, docketed Congressional correspondence, an Application for Review and successive petitions for reconsideration that remain undecided, and a subsequent foreign-ownership proceeding. Reproducing the record in full, or on Petitioner's designation alone, would burden the Court with material the briefs may never reach.

6.  Deferral will materially narrow the appendix. Several issues presented turn on what the Commission did not do — it has not acted on Petitioner's pending filings, and did not address specified docketed submissions. Which portions of the record the Court will need therefore depends substantially on how Respondents frame those omissions in their brief. Once both briefs are filed, the parties can confine the appendix to what the Court must actually consult.

7.  No party will be prejudiced. Rule 30(b) continues to apply: Respondents may designate additional parts of the record within 14 days after receiving Petitioner's designation, and Petitioner will include any parts so designated. The entire record remains available to the Court in any event. Fed. R. App. P. 30(a)(2).

8. Petitioner's brief cites record material by exhibit designation with appendix page references left open, in the manner contemplated by Rule 30(c)(2)(B). Within 14 days after the appendix is filed, Petitioner will serve and file copies of its brief containing references to the pages of the appendix, making no other change except the correction of typographical errors, as that Rule permits.

9. Deferral will not delay these proceedings. Petitioner does not seek to extend any briefing deadline. The appendix would be filed within 21 days after service of Respondents' brief — the period Rule 30(c)(1) itself prescribes — and well in advance of any argument date, none having yet been scheduled.

10. A further development since the brief was filed bears on the scope of the appendix. On July 15, 2026, the Chairman announced that the Commission will vote on August 6, 2026 to replace the national television ownership cap, 47 C.F.R. § 73.3555(e), with case-by-case review under the public-interest standard. Petitioner does not ask this Court to review that rulemaking, which is not before it. The relevance is narrower and is to the appendix: the Order under review approved this transfer on a public-interest rationale, and the Commission is now scheduled to act on the standard by which such transfers are measured, four days before the deadline for dispositive motions in this Court. Whatever the Commission does on August 6 may generate materials the parties will wish to place before the Court. Deferral

permits any such materials to be included in a single appendix rather than by a later motion to supplement one already filed.

11.    Petitioner's Emergency Motion for Administrative Stay, Stay Pending Review, and Expedited Consideration (Doc. #2180914) remains pending. So do Petitioner's Notice of Clarification and Attachment of Narrow Supplemental Exhibits (Doc. #2182493, filed July 9, 2026), Petitioner's motions for judicial notice (Docs. #2182600 and #2183690), and Petitioner's Notice of Subsequent Development filed July 27, 2026. Deferral is fully compatible with the expedition Petitioner has requested. The relief sought here does not extend any deadline, and the materials designated are already identified and assembled. If the Court grants expedited consideration, Petitioner will file the appendix on whatever schedule the Court directs, including a schedule shorter than the 21 days Rule 30(c)(1) allows.

12.    Pursuant to D.C. Circuit Rule 27(a)(4): On the evening of July 28, 2026, Petitioner's counsel sent counsel for Respondents, by electronic mail addressed to Adam Sorenson at fcclitigation@fcc.gov, notice of Petitioner's intent to file this motion and a motion for leave to file a deferred appendix, and requested that Respondents state their position on each by 7:00 p.m. Eastern on July 29, 2026. No response was received by that hour, and counsel initially understood the silence to reflect that Respondents declined to state a position. Later the same evening, while preparing this filing, counsel discovered that his electronic mail provider had

returned a notification that the message could not be delivered to the address used. Petitioner accordingly does not represent that Respondents received the notice, and reports the absence of a response as a delivery failure rather than as a declination to state a position. Petitioner cures the failure by this filing: because the motion is filed and served through the Court's CM/ECF system, which serves all counsel of record registered in this case, Respondents receive both the motion and notice of the relief sought contemporaneously with its submission. See Fed. R. App. P. 25(c)(2); see also the Certificate of Service below. Petitioner will promptly notify the Court of any position Respondents state, and does not oppose a reasonable enlargement of time for Respondents to respond to this motion in view of the delivery failure.

For the foregoing reasons, Petitioner respectfully requests that the Court grant leave to file a deferred appendix, to be filed within 21 days after service of Respondents' brief.

Respectfully submitted,

/s/ Alfred C. Constants III
Alfred C. Constants III
Constants Law Offices, LLC
115 Forest Avenue, Unit 331
Locust Valley, NY 11560
(516) 200-9660
constantslaw49@gmail.com

Counsel for Petitioner LiveVideo.AI Corp.

July 29, 2026

7

No. 26-1176

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**LIVEVIDEO.AI CORP.,**

Petitioner,

v.

**FEDERAL COMMUNICATIONS COMMISSION and**
**UNITED STATES OF AMERICA,**

Respondents.

_____

**[PROPOSED] ORDER**

Upon consideration of Petitioner's Motion for Leave to File a Deferred Appendix, it is

ORDERED that the motion be GRANTED. Preparation of the appendix is deferred pursuant to Fed. R. App. P. 30(c)(1), and Petitioner shall file the appendix within 21 days after service of Respondents' brief. It is

FURTHER ORDERED that, within 14 days after the appendix is filed, Petitioner shall serve and file copies of its brief containing references to the pages of the appendix, in accordance with Fed. R. App. P. 30(c)(2)(B).

_____

United States Circuit Judge

Date: _____

8

EXHIBIT A

ORAL ARGUMENT NOT YET SCHEDULED

No. 26-1176

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

—————————————

**LIVEVIDEO.AI CORP.,**

Petitioner,

v.

**FEDERAL COMMUNICATIONS COMMISSION and**

**UNITED STATES OF AMERICA,**

Respondents.

—————————————

ON PETITION FOR REVIEW OF AN ORDER OF THE

FEDERAL COMMUNICATIONS COMMISSION

—————————————

**PETITIONER'S DESIGNATION OF THE PARTS OF THE**
**RECORD TO BE INCLUDED IN THE APPENDIX**

—————————————

Alfred C. Constants III, Esq.
Constants Law Offices, LLC
115 Forest Avenue, Unit 331
Locust Valley, NY 11560
(516) 200-9660
constantslaw49@gmail.com

Counsel for Petitioner LiveVideo.AI Corp.

1

## DESIGNATION OF THE RECORD

Pursuant to Federal Rule of Appellate Procedure 30(b)(1) and 30(c)(1), and D.C. Circuit Rule 30, Petitioner LiveVideo.AI Corp. designates the parts of the record set forth below for inclusion in the appendix. Petitioner's brief was filed on July 27, 2026, and this designation is served and filed on July 28, 2026, the following day. Petitioner respectfully requests that it be accepted as timely, and states that no party is prejudiced by the one-day interval: Respondents' period under Rule 30(b)(1) to designate additional parts of the record runs from service of this designation, and the appendix has not been filed.

Petitioner is concurrently moving for leave to file the appendix on a deferred basis under Rule 30(c). This designation is served without regard to the disposition of that motion. If deferral is granted, the designation governs the appendix filed after Respondents' brief; if it is denied, the designation governs the appendix Petitioner files on whatever schedule the Court sets. In either posture Respondents receive the full period Rule 30(b)(1) affords them.

The designated materials are listed in chronological order and include the order under review, the relevant docket entries in MB Docket Nos. 24-275 and 26-93, and the portions of the record on which Petitioner relies. The "Ex." column cross-references the exhibit designations used in Petitioner's brief; entries marked "R. 30(a)" are designated because that Rule requires their inclusion.

2

Pursuant to Rule 30(b)(1), Respondents may, within 14 days after receiving this designation, serve a designation of additional parts of the record to which they wish to direct the Court's attention. Petitioner will include any parts so designated in the appendix.

Petitioner has excluded materials not cited in the briefs and has omitted duplicative copies of documents appearing more than once in the agency docket. Petitioner reserves the right to supplement this designation in light of the issues presented by Respondents' brief, consistent with the purpose of the deferred-appendix procedure.

## DESIGNATED MATERIALS

*(Chronological)*

| Item | Date | Document | Source / Citation | Ex. | Basis |
|------|------|----------|-------------------|-----|-------|
| 1 | Nov. 2024 – Jan. 2025 | LiveVideo.AI Corp., Petition to Deny, and supporting authenticated evidence — Petitioner's first filing in the proceeding | MB Docket No. 24-275 | B | Record |
| 2 | 2025 | LiveVideo.AI Corp., ECFS Submission, Undisclosed Meetings with Political Figures | MB Docket No. 24-275; ECFS No. 121748636152 | B | Record |
| 3 | Dec. 9, 2024 | Clerk's Certificate of Default as to National Amusements, Inc. (service effected Nov. 6, 2024) | LiveVideo.AI Corp. v. Redstone, No. 24-cv-6290 (DEH)(BCM) (S.D.N.Y.), Dkts. 61–63 | S | Jud. notice |
| 4 | Dec. 11, 2024 | National Amusements, Inc., Letter-Motion to Set Aside Default (asserting NAI "has never been properly served in this action" and requesting relief under Fed. R. Civ. P. 55(c)) | LiveVideo.AI Corp. v. Redstone, No. 24-cv-6290 (DEH)(BCM) (S.D.N.Y.), Dkt. 65; see Order, Dkt. 66 (Moses, M.J.) (Dec. 11, 2024) (quoting the letter-motion) | S | Jud. notice |
| 5 | Dec. 17, 2024 | New Pluto Global, Inc. (now Paramount Skydance Corp.), Amendment No. 1 to Form S-4 Registration Statement (cover dated Dec. 16, 2024) — excerpt: cover pages and the page stating that "[a]s of the date of this information statement/prospectus, the defendants have not been served." The representation appears three times in this filing, at pp. 53, 64, and 180; the excerpt reproduces the first | Reg. No. 333-282985, Accession No. 0001193125-24-279901 (SEC EDGAR); excerpted from pp. 1–2 and 53 of the filing as filed | S | Jud. notice |
| 6 | Dec. 18, 2024 | National Amusements, Inc., Letter Motion to Vacate Default | No. 24-cv-6290 (S.D.N.Y.) | S | Jud. notice |
| 7 | Dec. 20, 2024 | LiveVideo.AI Corp., Petition for Leave to Amend, attaching the proposed supplemental complaint asserting a federal antitrust claim under Section 4 of the Clayton Act, 15 U.S.C. § 15, and the motion for leave filed concurrently in the Southern District of New York — filed eleven days after the Clerk's Certificate of Default | MB Docket No. 24-275 (ECFS, filed Dec. 20, 2024); see LiveVideo.AI Corp. v. Redstone, No. 24-cv-6290 (DEH)(BCM) (S.D.N.Y.), Dkts. 128–130 | S | Record |

4

| Item | Date | Document | Source / Citation | Ex. | Basis |
|---|---|---|---|---|---|
| 8 | Jan. 2, 2025 | Applicants' Consolidated Opposition to Petitions and Response to Comments (excerpt: at 3 & n.12) | MB Docket No. 24-275 | C | Record |
| 9 | Jan. 13, 2025 | LiveVideo.AI Corp., Reply to Consolidated Opposition in Support of Petition to Deny (excerpt: at 5–6) | MB Docket No. 24-275 | D | Record |
| 10 | June 4, 2025 | LiveVideo.AI Corp., Ex Parte Notice: Ellison/Trump UFC Meeting Allegations | MB Docket No. 24-275; ECFS No. 12172715422979 (portal-confirmed June 4, 2025). Companion June 5, 2025 notice already before the Court at Doc. #2182493, Suppl. Ex. 1 | J | Record |
| 11 | June 16, 2025 | LiveVideo.AI Corp., Submission of Authenticated Evidence (supplemental ex parte, UFC 316 ringside video; second report to OGC on ex parte compliance) | MB Docket No. 24-275; ECFS Nos. 122070336888 and 1061654241636 (both June 16, 2025). Already before the Court at Doc. #2182493, Suppl. Ex. 4 | E | Record |
| 12 | June 20, 2025 | LiveVideo.AI Corp., Petition for Declaratory Ruling (47 C.F.R. §§ 1.1202(a), 1.1206(a)(1), 1.1208(b), 1.1216) | MB Docket No. 24-275 | E | Record |
| 13 | July 17, 21, 22 & 23, 2025 | Applicants' Ex Parte Notices (four notices; omitting pending Congressional inquiries) | MB Docket No. 24-275 | B | Record |
| 14 | July 23, 2025 | Congressional Correspondence (docketed) | MB Docket No. 24-275; ECFS No. 10723133656643. Already before the Court at Doc. #2182493, Suppl. Ex. 2, and in the Motion Appendix (June 26, 2026), Ex. F | F | Record |
| 15 | July 24, 2025 | **ORDER UNDER REVIEW — Memorandum Opinion and Order, FCC 25-43** | MB Docket No. 24-275 (rel. July 24, 2025). Already before the Court in the Motion Appendix (June 26, 2026), Ex. A | A | Record |
| 16 | Aug. 1, 2025 | LiveVideo.AI Corp., Application for Review (47 C.F.R. § 1.115) | MB Docket No. 24-275; ECFS No. 10805276617887. The | G | Record |

5

| Item | Date | Document | Source / Citation | Ex. | Basis |
|------|------|----------|-------------------|-----|-------|
| | | | Commission's Proceeding 24-275 History Report lists an APPLICATION FOR REVIEW filed by Petitioner on 08/01/2025, confirming the date stated in the brief; the separate PETITION FOR REVIEW listed on 08/05/2025 is a different filing | | |
| 17 | Aug. 7, 2025 | Ropes & Gray LLP, Ropes & Gray Advised National Amusements in Sale to Skydance Media Affiliates to Complete Paramount-Skydance Merger | Firm publication | K | Jud. notice |
| 18 | Aug. 11, 2025 | LiveVideo.AI Corp., Petition to Release Office of General Counsel Ex Parte Determinations (47 C.F.R. §§ 1.1214, 1.1216) | MB Docket No. 24-275 | H | Record |
| 19 | Aug. 12 & Sept. 30, 2025 | Report and Recommendation, and Order adopting same (post-dating FCC 25-43 by 19 and 68 days) | No. 24-cv-6290 (S.D.N.Y.) | T | Jud. notice |
| 20 | Aug. 18, 2025 | MLex articles submitted to the docket (Skydance CEO non-disclosure of meeting with the President; applicants' non-response to Congress; Shell "omission") | MB Docket No. 24-275; ECFS Submission 1082111839300. Already before the Court at Doc. #2182493, Suppl. Ex. 3, and in the Motion Appendix (June 26, 2026), Ex. K | W | Record |
| 21 | Aug. 18, 2025 | Letter from United States Senate to FCC Chairman Brendan Carr | MB Docket No. 24-275 (filed with Motion Appendix, June 26, 2026, at 141–144) | J | Record |
| 22 | Aug.–Dec. 2025 | LiveVideo.AI Corp., Successive Petitions for Reconsideration; Motions for Production, to Supplement, to Reopen, for Summary Decision, and to Compel; Petition for Decision on an Incomplete Record | MB Docket No. 24-275 | B | Record |
| 23 | Jan. 29, 2026 | Report & Order, GN Docket No. 25-149, FCC 26-3 (revised foreign-ownership framework); 47 C.F.R. § 1.5001(k) | GN Docket No. 25-149 | U | Jud. notice |

| Item | Date | Document | Source / Citation | Ex. | Basis |
|---|---|---|---|---|---|
| 24 | Mar. 3, 2026 | Chairman's public statements re Paramount–WBD review (CNBC; Ars Technica) | Press reports | J | Jud. notice |
| 25 | Mar. 23, 2026 | Letter from Sens. Booker, Schiff & Warren to FCC Chairman Carr (objecting to "pretty quickly" / "minimal" / "pro forma" review; demanding full § 310(b) review) | MB Docket Nos. 24-275, 26-93 | J | Jud. notice |
| 26 | Apr. 14, 2026 | LiveVideo.AI Corp., Supplement (undisclosed UFC 314 / UFC 316 contacts; pre-closing treatment of the $7.7 billion rights deal; event-infrastructure build-out; Cipriani allegations) | MB Docket No. 24-275 | I | Record |
| 27 | Apr. 24, 2026 | Paramount Global, Petition for Declaratory Ruling (disclosing ~49.5% foreign ownership; seeking advance approval up to 100%) | MB Docket No. 26-93. Excerpt already before the Court in the Motion Appendix (June 26, 2026), Ex. E | N | Jud. notice |
| 28 | Apr. 24, 2026 | FCC Public Notice establishing the pleading cycle for Paramount's Section 310(b)(4) petition, with Attachment listing Paramount licensees | MB Docket No. 26-93; DA 26-446. Already before the Court at Doc. #2183690, Suppl. Ex. 2 | X | Jud. notice |
| 29 | May 20, 2026 | Letter from U.S. Senators to FCC Chairman | MB Docket Nos. 24-275, 26-93 | J | Jud. notice |
| 30 | June 16, 2026 | Certification of the Committee for the Assessment of Foreign Participation in the U.S. Telecommunications Services Sector (responses "complete") | MB Docket No. 26-93 | V | Jud. notice |
| 31 | June 18, 2026 | Letter from Sens. Booker, Schiff & Warren to FCC Chairman Carr (foreclose closing before § 310(b)(4)/Committee review; reject up-to-100% under § 1.5001(k)) | MB Docket Nos. 24-275, 26-93 | J | Jud. notice |
| 32 | June 23, 2026 | Applicants' Supplement to Ownership Structure (first disclosure that 99% of the direct equity of RedBird Capital Partners L.P. is held by unnamed limited partners) | MB Docket No. 26-93 | N | Jud. notice |
| 33 | June 29, 2026 | OGE Form 278e — limited pages: (i) entity names, locations, and ownership-split information in jurisdictions implicated by the Section 310(b)(4) petition; and (ii) Part 2 | U.S. Office of Government Ethics. Already before the Court at Doc. #2183690, Suppl. Ex. 4 | M | Jud. notice |

7

| Item | Date | Document | Source / Citation | Ex. | Basis |
|------|------|----------|-------------------|-----|-------|
| | | line 431 (Legal Settlements), reporting five settlements — 431.1 X Corp. $8,000,000; 431.2 American Broadcasting Companies, Inc. $16,000,000; 431.3 CBS Broadcasting Inc. and CBS Interactive Inc. $16,000,000; 431.4 Meta Platforms, Inc. $24,500,000; 431.5 Alphabet, Inc. $22,000,000 — with net proceeds of 431.2, 431.3, and 431.4 paid to The Donald J. Trump Presidential Library Foundation, Inc. | (limited pages); p. 869 not previously filed Also included is Part 9 (Gifts and Travel Reimbursements), entries 5 and 6, at p. 847 of 847, reporting tickets to UFC 314 and UFC 316. | | |
| 34 | Annual reports 2018–2025 | Brendan Carr, Executive Branch Personnel Public Financial Disclosure Reports (OGE Form 278e), Part 9 (Gifts and Travel Reimbursements) — annual entries reporting free attendance at Kennedy Center Honors events from CBS Corporation, ViacomCBS, and Paramount | U.S. Office of Government Ethics; FCC certifications by agency ethics official | Y | Jud. notice |
| 35 | July 2026 | ProPublica, FCC Officials Took Gifts From Paramount While It Had Business Before Them (reporting Chairman Carr's acceptance of tickets worth at least $63,000 since his 2017 appointment, and Commissioner Trusty's acceptance of tickets worth more than $12,000) | Press report (public ethics-disclosure records) | Z | Jud. notice |
| 36 | July 16, 2026 | FCC Proceeding 24-275 History Report (reflecting a single Bureau merits action and no disposition thereafter) | ECFS, generated July 16, 2026 | O | Record |
| 37 | July 20 & 23, 2026 | Temporary Restraining Order enjoining consummation (Dkt. No. 141), and Order re Scheduling and Extending Temporary Restraining Order through Aug. 17, 2026 (Dkt. No. 166) | California v. Paramount Skydance Corp., No. 4:26-cv-07116-AMO (N.D. Cal.); companion Order, Writers Guild of Am., W., Inc. v. Paramount Skydance Corp., No. 4:26-cv-07212-AMO (Dkt. No. 63) | Q | Jud. notice |
| 38 | Undated / as filed | Statement of dissenting Commissioner; state investigative demand; state Attorney General inquiry; multistate coalition correspondence | Public agency records | R | Jud. notice |
| 39 | — | Docket sheet, MB Docket No. 24-275 (relevant entries) | FCC ECFS | R. 30(a) | Record |

| Item | Date | Document | Source / Citation | Ex. | Basis |
|------|------|----------|-------------------|-----|-------|
| 40 | — | Docket sheet, MB Docket No. 26-93 (relevant entries) | FCC ECFS | R. 30(a) | Jud. notice |
| 41 | June 26, 2026 | Petition for Review | D.C. Cir. No. 26-1176 | R. 30(a) | Record |
| 42 | June 7, 2025 | Video footage UFC 316 ex parte | .mp4 here: https://docsend.com/v/d54mk/ufc-316-ex-parte-skydance-negotiation<br><br>video/box submission as part of joint appendix | | Jud notice |

9

**CERTIFICATE OF SERVICE**

I certify that on July 28, 2026, I electronically filed the foregoing Designation of the Parts of the Record to Be Included in the Appendix with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system, which will serve all counsel of record registered in this case.

/s/ Alfred C. Constants III
Alfred C. Constants III
Counsel for Petitioner

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1732 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface (Times New Roman, 14-point) using Microsoft Word.

/s/ Alfred C. Constants III

July 29, 2026

## CERTIFICATE OF SERVICE

I certify that on July 29, 2026, I electronically filed the foregoing Motion for Leave to File a Deferred Appendix with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system, which will serve all counsel of record registered in this case.

/s/ Alfred C. Constants III
Alfred C. Constants III
Counsel for Petitioner

11