# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

LIVEVIDEO.AI CORP.,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*.

On Petition for Review of an Order of
the Federal Communications Commission

# RESPONDENT FEDERAL COMMUNICATIONS COMMISSION'S MOTION TO DISMISS, TO DEFER FILING OF THE RECORD, AND TO SUSPEND BRIEFING

LiveVideo.AI Corp. filed a petition for review challenging a July 2025 Commission order approving a broadcast license transfer between Paramount Global and Skydance Media, LLC, an approval which LiveVideo has (repeatedly) asked the Commission to reconsider. This Court lacks jurisdiction over LiveVideo's petition for review because LiveVideo's post-decision filings before the agency render the challenged order nonfinal.

The petition for review must be dismissed.

## BACKGROUND

### A.  Statutory And Regulatory Background

Under the Communications Act, no broadcast "station license, or any rights thereunder, shall be transferred, assigned, or disposed of in any manner, voluntarily or involuntarily, directly or indirectly, or by transfer of control of any corporation holding such permit or license, to any person except upon application to the Commission and upon finding by the Commission that the public interest, convenience, and necessity will be served thereby."  47 U.S.C. § 310(d).

"Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia * * * [b]y any * * * person who is aggrieved or whose interests are adversely affected by any order of the Commission granting * * * any application" to transfer a broadcast station license.  47 U.S.C. § 402(b)(6). Otherwise, "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in" the Administrative Orders Review Act, 28 U.S.C. §§ 2341–2353, commonly known as the Hobbs Act.  47 U.S.C. § 402(a).  Either

way, courts possess jurisdiction to review only "final orders" of the Commission. 28 U.S.C. §§ 2342(1), 2344; *see also Environmentel, LLC v. FCC*, 661 F.3d 80, 84 (D.C. Cir. 2011) ("the full FCC must have the opportunity to review all cases and all aspects of those cases before parties may exercise their statutory right to appeal to this Court under 47 U.S.C. § 402(b)).

### B. Factual Background

1. On September 6, 2024, the FCC received applications proposing to transfer control of Paramount Global, an FCC license holder, from its then majority shareholder, National Amusements, Inc., to certain investors in Skydance Media, LLC, as part of a broader merger between Paramount and Skydance. *See* Public Notice, 39 FCC Rcd. 9766 (Media Bur. Sept. 6, 2024). Because Paramount held, directly or indirectly, 28 local CBS TV station licenses (as well as one Class A and two low-power television station licenses), FCC consent to the transfer was required under 47 U.S.C. § 310(d).

LiveVideo.AI Corp.—which claimed to be a former business partner of Paramount and a competitor to Skydance and Paramount—opposed the Paramount-Skydance transfer application. Beginning in December 2024, LiveVideo made 45 filings in the FCC Paramount-Skydance

proceeding, more than three times as many as any other single participant. *See* (MA 37–40).[1] Those filings included various petitions to deny transfer,[2] for declaratory rulings;[3] motions for document production,[4] to "enlarge the issues,"[5] to "re-open the record,"[6] and to "summar[il]y disqualif[y]" Chairman Carr;[7] along with numerous letters, ex parte communications, congressional correspondence, and miscellaneous documents. *See* MA 37–40.

2. On July 24, 2025, the FCC approved the Paramount-Skydance license transfer. *See In re Applications for Consent to the Transfer of Control of Paramount Glob.*, MB Docket No. 24-275, ¶ 60, 2025 WL 3526328 (July 24, 2025) (Skydance Order) (MA 33). After "thorough analysis of the potential harms and benefits of the Transaction," as well as consideration of the record and comments, the Commission concluded

---

[1] Because the Motion Appendix (MA) is not separately paginated, this response uses the docket entry page numbers appearing at the top of each page.

[2] https://www.fcc.gov/ecfs/document/1217026181994/1.

[3] https://www.fcc.gov/ecfs/document/10621377020536/1.

[4] https://www.fcc.gov/ecfs/document/1062341523808/1.

[5] https://www.fcc.gov/ecfs/document/10703851008382/1.

[6] https://www.fcc.gov/ecfs/document/107092746904095/1.

[7] https://www.fcc.gov/ecfs/document/10724053420127/1.

that "grant of the Applications will result in public interest benefits and serve the public interest, convenience, and necessity *Id*. The Commission considered and rejected LiveVideo's various assertions about competitive harm and insufficient character qualifications on several grounds. Because allegations involving "potential breaches of fiduciary duty" and "sexual harassment" "remain[ed] unadjudicated by an appropriate agency or court," the Commission declined to weigh them against granting the transfers. Skydance Order ¶¶ 33–34 (MA 22–23).

The Commission also found that LiveVideo failed to "establish[] that it is a party in interest with standing to file a petition to deny the Transaction." Skydance Order ¶ 43 (MA 26–27). It nonetheless considered LiveVideo's arguments as "informal objections" and rejected them. Skydance Order ¶ 43 (MA 26–27). LiveVideo did not "provide 'specific allegations of fact sufficient to show * * * that a grant of the [Applications] would be prima facie inconsistent with' the public interest, convenience, and necessity." Skydance Order n.182 (MA 27).

3. Following the license transfer decision, LiveVideo continued its flurry of FCC filings, lodging separate petitions for reconsideration on

July 24,[8] July 29,[9] August 1,[10] August 4,[11] and August 5.[12] The petitions for reconsideration asserted that the Commission should not have approved the license transfer because, among other things, Chairman Carr was supposedly biased in favor of approval, the Commission failed to give adequate notice of Paramount's proposed corporate ownership structure and misinterpreted various provisions of law, and the President supposedly interfered with the decision. *Id.*

LiveVideo also filed applications for review on August 1[13] and August 5;[14] an "emergency petition for stay and petition for rulemaking" on August 4;[15] a "petition to release office of general counsel ex parte violation complaint determinations" on August 11,[16] and a request for "transmittal to GAO and Congressional committees" on November 21.[17]

---

[8] https://www.fcc.gov/ecfs/document/1072515782868/1.

[9] https://www.fcc.gov/ecfs/document/107290792824875/1.

[10] https://www.fcc.gov/ecfs/document/1080170472231/1.

[11] https://www.fcc.gov/ecfs/document/1080466334657/1.

[12] https://www.fcc.gov/ecfs/document/10805969719649/1.

[13] https://www.fcc.gov/ecfs/document/108012199229782/1.

[14] https://www.fcc.gov/ecfs/document/10805276617887/1.

[15] https://www.fcc.gov/ecfs/document/10804304302665/1.

[16] https://www.fcc.gov/ecfs/document/1081189138679/1.

[17] https://www.fcc.gov/ecfs/document/112070597105/1.

Many of those filings likewise purported to challenge the transfer approval, arguing, for example, that the Commission's decision was too hasty and based on incomplete evidence. *Id.*

LiveVideo's FCC filings have continued through to the present, with its latest submission filed on June 30, 2026.[18] All of LiveVideo's post-decision filings before the agency remain pending.

4. On June 26, 2026 LiveVideo petitioned this Court for review of the Paramount-Skydance license transfer approval, invoking the Court's jurisdiction "under 47 U.S.C. § 402(a) and 28 U.S.C. §§ 2342(1) and 2344." Doc. #2180709 at 1.[19]

5. On July 27, 2026, LiveVideo filed its opening merits brief. Because, however, the Court has not yet issued a briefing schedule, this filing violates D.C. Cir. Rule 31(a), and the brief should not be considered. On July 29, LiveVideo also filed a "motion to complete and certify the

---

[18] https://www.fcc.gov/ecfs/document/26109959473/1.

[19] The Court's jurisdiction should have been invoked under 47 U.S.C. § 402(b) in a timely notice of appeal. "In the alternative," LiveVideo also petitioned the Court for "a writ of mandamus under 28 U.S.C. § 1651 and 5 U.S.C. § 706(1) directing the Commission to decide" LiveVideo's post-order filings. *See* Doc. #2180709 at 2. This motion does not address LiveVideo's mandamus request because the Court has not requested a response. D.C. Cir. Rule 21.

administrative record," Doc. No. 2185758, despite the fact that the Court's initial scheduling order already directed Respondents to file a certified index to the record, Doc. No. 2180714 at p. 2.

**ARGUMENT**

LiveVideo's petition for review—filed 11 months after the order it purports to challenge—must be dismissed for lack of jurisdiction because its pending post-decision filings before the FCC render the challenged order nonfinal.

"It is well established that a party may not simultaneously seek both agency reconsideration and judicial review of an agency's order." That rule is jurisdictional: "a petition for judicial review filed during the pendency of a request for agency reconsideration *will be* dismissed for lack of jurisdiction." *Wade v. FCC*, 986 F.2d 1433, 1433 (D.C. Cir. 1993) (citing *United Transp. Union v. ICC*, 871 F.2d 1114, 1116–18 (D.C. Cir. 1989) (emphasis added). Nor can it be circumvented through any action before this Court. *See TeleSTAR, Inc. v. FCC*, 888 F.2d 132, 134 (D.C. Cir. 1989) ("[T]he filing of a challenge to agency action before the agency has issued its decision on reconsideration is incurably premature").

Because LiveVideo's post-decision filings challenging FCC approval of the Paramount-Skydance license transfer are "currently pending

before the agency," its petition for review is "incurably premature" and must be dismissed. *Bellsouth Corp. v. FCC*, 17 F.3d 1487, 1489 (D.C. Cir. 1994).

## CONCLUSION

The Court should grant this motion and dismiss the petition for review. In the meantime, the Court should defer the filing of the certified index and suspend consideration of petitioner's opening brief and its July 29 motion to complete and certify the record pending disposition of this motion.

Dated: July 31, 2026

Respectfully submitted,

/s/ *Adam Sorensen*

D. Adam Candeub
  *General Counsel*

Jacob M. Lewis
  *Deputy General Counsel*

Adam L. Sorensen
  *Counsel*

FEDERAL COMMUNICATIONS
  COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal
  Communications Commission*

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1):

    ☒ this document contains 1,413 words, *or*

    ☐ this document uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

/s/ *Adam Sorensen*
Adam Sorensen
*Counsel for Respondent*
*Federal Communications Commission*