**No. 26-1176**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**LIVEVIDEO.AI CORP.,**
Petitioner,

v.

**FEDERAL COMMUNICATIONS COMMISSION and
UNITED STATES OF AMERICA,**
Respondents.

On Petition for Review of an Order of the
Federal Communications Commission

**PETITIONER'S OPPOSITION TO RESPONDENT FEDERAL
COMMUNICATIONS COMMISSION'S MOTION TO DISMISS, TO
DEFER
FILING OF THE RECORD, AND TO SUSPEND BRIEFING**

## INTRODUCTION

The Commission's motion to dismiss rests on a single premise: that Petitioner's post-decision filings "remain pending before the agency," Mot. to Dismiss 8–9, and so render the challenged Order nonfinal. The Commission has not, however, decided any of those filings in the more than twelve months since they were submitted. The motion thus asks the Court to treat a pendency of the Commission's own making as a jurisdictional bar to review. The motion should be denied.

Two developments since the motion was filed confirm that dismissal is the wrong disposition. First, Petitioner has withdrawn, without prejudice, the prematurely filed opening brief and appendix materials that the Commission asks the Court to "suspend," conforming its filings to the deferral of briefing in the Court's June 26, 2026 scheduling order (Doc. #2180714). The Commission's ancillary requests directed at those materials are therefore moot. Second, Petitioner has filed a dispositive Motion for a Writ of Mandamus (Doc. #2186935, filed within the Court's August 10, 2026 dispositive-motion deadline) directing the Commission to enter orders disposing of the pending post-order filings within a time certain. That motion is directed to the

precise condition—undecided post-decision filings—on which the Commission's nonfinality argument depends. Granting or entertaining it removes the obstacle the Commission identifies; it does not circumvent the finality rule.

A third matter is already before the Court and independently forecloses dismissal: Petitioner's fully briefed emergency motion for an administrative stay, a stay pending review, and expedited consideration, under Federal Rule of Appellate Procedure 18 and D.C. Circuit Rule 18 (Doc. #2180914). The Court directed the Commission to respond to that motion; the Commission did so, Petitioner replied, and the motion stands submitted. It seeks to preserve the status quo and to prevent the underlying transactions from closing before the Commission decides Petitioner's Application for Review and before this Court can grant meaningful relief. The Commission filed its motion to dismiss only after that stay motion was submitted. Dismissing the petition now would deprive the Court of authority to grant interim relief in aid of its jurisdiction, when closing threatens to moot review. See FTC v. Dean Foods Co., 384 U.S. 597, 603–05 (1966); 28 U.S.C. § 1651(a).

The Court should deny the motion. If the Court concludes that review cannot proceed while reconsideration is pending, the appropriate course is to hold the petition in abeyance pending disposition of Petitioner's mandamus and stay motions, not to dismiss a protective petition on the basis of delay attributable to the Commission. Petitioner does not oppose deferring the certified index or suspending merits briefing in the interim.

## BACKGROUND

On July 24, 2025, the Commission released its Memorandum Opinion and Order, FCC 25-43, MB Docket No. 24-275 (the "Order"), approving the transfer of control of Paramount Global's broadcast licenses in connection with the Paramount-Skydance transaction. In the Order, the Commission addressed and rejected Petitioner's objections—characterizing Petitioner as lacking "standing to file a petition to deny" while "nonetheless" considering its submissions "as informal objections" and rejecting them, and publishing adverse findings about Petitioner. Order ¶ 43 & n.182; see Mot. to Dismiss 5.

Petitioner thereafter invoked the agency's channels for post-decision relief, filing an Application for Review under 47 U.S.C. § 155(c)

4

and 47 C.F.R. § 1.115, multiple petitions for reconsideration under 47 U.S.C. § 405 and 47 C.F.R. § 1.106, and related petitions and requests. The Commission's own motion catalogues these filings—petitions for reconsideration filed July 24, July 29, August 1, August 4, and August 5, 2025; Applications for Review filed August 1 and August 5, 2025; an emergency petition for stay filed August 4, 2025; and further submissions—and concedes that "[a]ll of LiveVideo's post-decision filings before the agency remain pending." Mot. to Dismiss 6–7. The earliest was filed the day the Order issued; as of the Commission's motion, more than twelve months later, the Commission had disposed of none of them.

Those pending filings include repeated requests directed to the integrity of the proceeding, among them requests to disqualify the Chairman—filings the Commission's own motion acknowledges. See Mot. to Dismiss 4. As recently as July 31, 2026—the same day the Commission filed the present motion to dismiss—Petitioner filed a Supplemental Petition to Disqualify Chairman Brendan Carr in MB Docket Nos. 24-275 and 26-93 (ECFS Nos. 26110069210, 26110069211).

Like Petitioner's other post-order filings, it remains pending and undecided.

On June 26, 2026, Petitioner petitioned this Court for review and, "[i]n the alternative," for "a writ of mandamus under 28 U.S.C. § 1651 and 5 U.S.C. § 706(1) directing the Commission to decide" its pending post-order filings. Doc. #2180709, at 2. The Court's June 26, 2026 scheduling order (Doc. #2180714) directed Respondents to file a certified index and set an August 10, 2026 deadline for dispositive motions.

Petitioner also has pending an emergency motion for an administrative stay, a stay pending review, and expedited consideration, under Federal Rule of Appellate Procedure 18 and D.C. Circuit Rule 18 (Doc. #2180914, filed June 29, 2026), seeking to preserve the status quo and to bar the Commission from authorizing steps in MB Docket Nos. 24-275 and 26-93 that would permit the transactions to close before the Commission decides Petitioner's Application for Review and before this Court can grant meaningful relief. By order entered June 30, 2026, the Court (Millett, Wilkins, and Katsas, JJ.) directed the Commission to respond; the Commission

6

responded on July 9, 2026 (Doc. #2182487), and Petitioner replied on July 16, 2026 (Doc. #2183689). The stay motion thus stands submitted.

On July 31, 2026, the Commission filed the present motion to dismiss, to defer filing of the record, and to suspend briefing. The motion expressly "does not address LiveVideo's mandamus request because the Court has not requested a response." Mot. to Dismiss 7 n.19 (citing D.C. Cir. R. 21).

Since the motion was filed, Petitioner has taken two steps. It filed a Notice of Withdrawal, without prejudice, of its prematurely filed opening brief and appendix materials, to conform to the deferral of briefing in the June 26 order. That withdrawal does not encompass Petitioner's July 29, 2026 motion to complete and certify the administrative record (Doc. #2185758); Petitioner does not oppose holding that motion in abeyance. On August 6, 2026, Petitioner filed a dispositive Motion for a Writ of Mandamus directing the Commission to act on the pending post-order filings within a time certain (Doc. #2186935).

## ARGUMENT

## I. Petitioner's Withdrawal Moots the Commission's Requests To Suspend the Opening Brief and Related Filings; Petitioner Does Not Oppose Deferring the Index and Merits Briefing.

The Commission asks the Court to "defer the filing of the certified index and suspend consideration of petitioner's opening brief and its July 29 motion to complete and certify the record." Mot. to Dismiss 9. Petitioner has withdrawn, without prejudice, the opening brief and appendix materials (Doc. #2185383) to conform to the deferral of briefing in the June 26 order.

The Commission's request to suspend consideration of those materials is therefore moot, and Petitioner does not oppose deferring the filing of the certified index or suspending merits briefing pending resolution of the threshold motions. Petitioner's July 29, 2026 motion to complete and certify the administrative record (Doc. #2185758) was not encompassed by the withdrawal and remains pending; Petitioner does not oppose holding that motion in abeyance. These are case-management steps that the June 26 order already contemplates; none requires dismissal of the petition.

## II. The Premature-Petition Doctrine Counsels Abeyance, Not Dismissal.

Petitioner does not dispute the line of authority holding that a court may not review an order on the merits while a request for reconsideration of that order remains pending. See Wade v. FCC, 986 F.2d 1433 (D.C. Cir. 1993); TeleSTAR, Inc. v. FCC, 888 F.2d 132 (D.C. Cir. 1989); BellSouth Corp. v. FCC, 17 F.3d 1487 (D.C. Cir. 1994). That doctrine governs the timing of merits review. It does not compel dismissal in this posture, and it does not bear on the Court's power to compel the agency to act.

A petition filed while reconsideration is pending is premature, and the ordinary consequence of prematurity is dismissal without prejudice to renewed review once the agency acts—not a foreclosure of review. Dismissing Petitioner's protective petition would serve only to require a renewed filing after the Commission decides the post-order filings it has held for more than a year.

The preferable course, particularly with a mandamus motion pending to compel that action, is to hold the petition in abeyance pending the Commission's disposition of those filings. Should the Court

conclude that the petition is premature, any dismissal should be without prejudice to a timely renewed petition upon the Commission's disposition.

## III. The Commission May Not Manufacture Non-Finality by Refusing To Decide and Then Invoke That Pendency To Defeat All Review.

The Commission's jurisdictional argument rests entirely on the premise that Petitioner's post-order filings "remain pending before the agency." Mot. to Dismiss 6–9. But that pendency is entirely of the Commission's own making. A respondent may not decline to decide and then convert its own inaction into a jurisdictional shield; otherwise a party's statutory right to review could be suspended indefinitely at the agency's option.

If the pendency of reconsideration defeats review, the agency's duty to decide within a reasonable time is its necessary corollary—and mandamus is the mechanism that enforces it. See 5 U.S.C. §§ 555(b), 555(e), 706(1); 47 U.S.C. §§ 155(c), 405.

The pendency the Commission invokes is not a fixed condition but an expanding one of the agency's own creation. The set of undecided

filings has continued to grow, most recently on July 31, 2026—the day the Commission moved to dismiss—when Petitioner filed a Supplemental Petition to Disqualify the Chairman, which, like the rest, remains undecided. A jurisdictional bar that the agency may enlarge at will, merely by declining to rule, cannot be reconciled with the statutory right to review. Mandamus is the mechanism for that delay.

Petitioner's contemporaneously pending mandamus motion supplies that corollary. It asks the Court to direct the Commission to enter orders disposing of each pending post-order filing within a time certain. See Doc. #2186935. That relief does not bypass the finality rule the Commission invokes; it removes the very condition—undecided post-decision filings—on which the rule and the motion depend.

This Court possesses jurisdiction, indeed exclusive jurisdiction, to entertain a claim that the Commission has unreasonably delayed a disposition it will eventually be obligated to make, and that jurisdiction does not depend on the challenged Order being "final." Telecomms. Rsch. & Action Ctr. v. FCC (TRAC), 750 F.2d 70, 75–79 (D.C. Cir. 1984); see In re Core Commc'ns, Inc., 531 F.3d 849, 855–62 (D.C. Cir. 2008); In re Am. Rivers & Idaho Rivers United, 372 F.3d 413, 418–20 (D.C. Cir.

2004). Dismissing the petition for review would not moot that request: the object of the writ is to clear the pending filings, and the Commission's requested dismissal itself rests on the continued pendency of those very items.

## IV. The Motion To Dismiss and the Pending Mandamus Turn on the Same Fact and Should Be Resolved Together.

The Commission declined to address Petitioner's mandamus request, stating only that "the Court has not requested a response." Mot. to Dismiss 7 n.19; D.C. Cir. R. 21. Petitioner has now presented that request as a self-standing dispositive motion within the Court's August 10, 2026 deadline. Because the motion to dismiss and the mandamus motion turn on the identical fact—the continued pendency of Petitioner's post-order filings—the Court should deny dismissal (or hold it in abeyance) and resolve the mandamus, which will either produce the dispositions that make the Order reviewable or otherwise clarify the posture.

Resolving the two together avoids the anomaly of dismissing a petition for prematurity on the strength of a pendency the Court is simultaneously being asked to end. Petitioner respectfully requests that

the Court direct a response to, and consolidated consideration of, the mandamus motion (Doc. #2186935).

## V. The Commission's Section 402(b) Footnote Provides No Basis for Dismissal.

The Commission suggests in a footnote that review "should have been invoked under 47 U.S.C. § 402(b) in a timely notice of appeal." Mot. to Dismiss 7 n.19. That suggestion does not support dismissal for at least three reasons.

First, having found that Petitioner lacked "standing to file a petition to deny" and having treated its submissions merely "as informal objections," Order ¶ 43 & n.182, the Commission is in no position to insist that Petitioner instead pursue the party-appeal route of § 402(b)(6). In any event, a person "aggrieved" or "adversely affected" by a Commission order—as Petitioner is, the Commission having published adverse findings about it—may seek review. 47 U.S.C. § 402(b)(6); see FCC v. Sanders Bros. Radio Station, 309 U.S. 470, 476–77 (1940).

Second, the choice between § 402(a) and § 402(b) is not a ground for outright dismissal where the Court's jurisdiction is otherwise secure;

the appropriate remedy for a mislabeled vehicle, if one is needed, is not to foreclose review.

Third, the Commission's timeliness premise is irreconcilable with its finality premise. The Commission cannot maintain both that the petition is untimely—filed "11 months after the order," Mot. to Dismiss 8—and that the Order is nonfinal because reconsideration remains pending. The time to seek review runs from finality. If the Order is nonfinal, as the Commission insists, no review period has run, and the petition is at most protective or premature, not late.

## VI. The Equities—Including the Parallel Section 310(b)(4) Proceeding—Counsel Preserving the Petition in Abeyance.

During the same period in which it has refused to decide Petitioner's filings, the Commission has continued to advance a related, live proceeding: the Section 310(b)(4) foreign-ownership matter in MB Docket No. 26-93, concerning the same broadcast-license chain and the same controlling-parent enterprise. Should the Commission act in that proceeding and allow a new ownership-and-control structure to take effect before deciding Petitioner's pending filings, the resulting structure could become entrenched, diminishing the practical effect of

14

any later decision in Petitioner's favor and risking the loss of meaningful relief.

The near-term posture of the transaction confirms the point. The same acquisition is the subject of a multistate antitrust challenge in the Northern District of California, in which the parties have stipulated that the transaction will not close before the earlier of a merits determination or June 1, 2027. See Stipulation and [Proposed] Order Not to Close, State of California v. Paramount Skydance Corp., No. 4:26-cv-07116-AMO (N.D. Cal. July 24, 2026), ECF No. 169. That fixed date counsels abeyance rather than dismissal.

A brief abeyance would align this Court's review with the near-term adjudication of the transaction's lawfulness, and with the Commission's contemplated action in MB Docket No. 26-93, at no cost to any party. Dismissal, by contrast, would discard a protective petition shortly before the events that will determine whether review is necessary.

The risk is not merely entrenchment but mootness. If the transactions close before the Commission decides Petitioner's pending filings and before this Court can act, the questions this Court exists to

decide could be extinguished by the closing itself. That is why Petitioner's emergency stay motion is pending, and why the Court should retain the case: a court of appeals with prospective jurisdiction to review the Commission's eventual disposition may issue interim relief to preserve the status quo and prevent impairment of the effective exercise of appellate jurisdiction. See FTC v. Dean Foods Co., 384 U.S. 597, 603–05 (1966); 28 U.S.C. § 1651(a). Dismissal would forfeit that authority.

Preserving this petition in abeyance—rather than dismissing it—protects the Court's prospective jurisdiction and the effectiveness of the review Congress guaranteed, and complements the interim and mandamus relief Petitioner separately seeks.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court:

(1) deny the Commission's motion to dismiss;

(2) in the alternative to denial, hold the petition for review in abeyance pending the Commission's disposition of Petitioner's pending post-order filings and pending resolution of Petitioner's Motion for a Writ of Mandamus (Doc. #2186935) and emergency stay motion; or, if the Court concludes the petition is premature, dismiss only without prejudice to a timely renewed petition upon the Commission's disposition;

(3) retain jurisdiction over, and direct a response to and consolidated consideration of, Petitioner's pending mandamus motion (Doc. #2186935) and Petitioner's pending emergency motion for a stay pending review;

(4) note that the Commission's requests to suspend consideration of Petitioner's opening brief and appendix are moot in light of Petitioner's withdrawal of those materials, while Petitioner does

not oppose deferring the certified index and suspending merits

briefing in the interim; and

(5) grant such other and further relief as the Court deems just and

proper.


Dated: August 11, 2026


Respectfully submitted,


/s/ Alfred C. Constants III
Alfred C. Constants III, Esq.
Constants Law Offices, LLC
115 Forest Avenue, Unit 331
Locust Valley, NY 11560
(516) 200-9660
constantslaw49@gmail.com
*Counsel for Petitioner LiveVideo.AI Corp.*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2827 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in a proportionally spaced typeface (Century Schoolbook, 14-point) using Microsoft Word.


/s/ Alfred C. Constants III
Alfred C. Constants III

## CERTIFICATE OF SERVICE

I certify that on August 12, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record, including counsel for the Federal Communications Commission and the United States.


/s/ Alfred C. Constants III
Alfred C. Constants III