**No. 26-1176**

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

LIVEVIDEO.AI CORP.,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,

*Respondents*.

---

On Petition for Review of an Order of the Federal Communications Commission

---

# RESPONDENT FEDERAL COMMUNICATIONS COMMISSION'S REPLY IN SUPPORT OF MOTION TO DISMISS

---

Petitioner LiveVideo.AI Corp. does not dispute that its post-decision requests for relief remain pending before the Federal Communications Commission. Nor does LiveVideo dispute that under this Court's precedents, its petition for review is premature. Nothing else is relevant to this motion to dismiss. Because LiveVideo's post-decision filings before the agency render the challenged order nonfinal, this Court lacks jurisdiction and the petition for review must be dismissed.

1. The relevant procedural facts are not in dispute. In its own words, LiveVideo "invoked the agency's channels for post-decision relief" by filing "multiple petitions for reconsideration" among other "petitions and requests." Opposition 4–5. LiveVideo's "post-order filings" before the agency "remain[] pending." *Id.* at 6.

2. The relevant caselaw is likewise undisputed. "Petitioner does not dispute the line of authority holding that a court may not review an order * * * while a request for reconsideration of that order remains pending" before the agency. Opposition 9 (citing *Bellsouth Corp. v. FCC*, 17 F.3d 1487 (D.C. Cir. 1994); *Wade v. FCC*, 986 F.2d 1433; D.C. Cir. 1993); *TeleSTAR, Inc. v. FCC*, 888 F.2d 132 (D.C. Cir. 1989)). This Court's rule is unqualified: a petitioner's "attempt to seek judicial review must be dismissed as 'incurably premature.'" *Wade*, 986 F.2d at 1434.

3. LiveVideo is mistaken that dismissal is merely the "ordinary consequence of prematurity," and that this Court's precedents "do[] not compel dismissal in this posture." Opposition 9. Simply put, "this court does not have jurisdiction to review an agency order while a petition for agency reconsideration is pending." *TeleSTAR*, 888 F.2d at 134. Dismissing the petition is thus required. *See Wade*, 986 F.2d at 1434.

LiveVideo is likewise mistaken that this Court could hold "the petition [for review] in abeyance pending the Commission's disposition" of LiveVideo's requests for agency reconsideration. Opposition 9. Under this Court's precedents, "when a petition for review is filed before the challenged action is final and thus ripe for review, subsequent action by the agency on a motion for reconsideration does not ripen the petition for review or secure appellate jurisdiction." *TeleSTAR*, 888 F.2d at 134. In such circumstances, "[t]o cure the defect, the challenging party must file a new notice of appeal or petition for review" after the challenged order becomes final. *Id.* "The [e]quities" (Opposition 14–16) cannot supply this Court with jurisdiction to review the petition when it has none.[1]

5. LiveVideo's alternative request for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651 (Opposition 10–12), is irrelevant to required dismissal of the petition for review for lack of jurisdiction under the Hobbs Act. In appropriate circumstances, the Court may consider a

---

[1] In any event, LiveVideo's equitable arguments are entirely incorrect. As explained in the FCC's oppositions to emergency relief and relation, LiveVideo continues to conflate three entirely separate, unrelated transactions: Skydance's long-since closed merger with Paramount, Paramount Skydance's petition to seek permission from the FCC for foreign investment, and Paramount's proposed (and currently enjoined) merger with Warner Bros.

request for mandamus despite a lack of jurisdiction to review an accompanying appeal. *See* Order, *SGCI Holdings III LLC, et al. v. FCC*, D.C. Cir. No. 23-1083, Doc. No. 1993081 (April 3, 2023) (granting motion to dismiss under "incurably premature" doctrine but nonetheless directing the FCC to respond to a mandamus petition). Notwithstanding how the Court chooses to dispose of LiveVideo's mandamus request, it should dismiss the petition for review as incurably premature.[2]

---

[2] The Commission did not "decline[] to address Petitioner's mandamus request," Opposition 12; it is prohibited from responding by this Court's rules. *See* Cir. R. 21(a) ("No responsive pleading to a petition for an extraordinary writ to the district court or an administrative agency, including a petition seeking relief from unreasonable agency delay, is permitted unless requested by the court.").

## CONCLUSION

This Court should grant the motion and dismiss the petition for review.

Dated: September 3, 2026

Respectfully submitted,

/s/ *Adam Sorensen*

Christopher S. Santini
*Acting General Counsel*

Jacob M. Lewis
*Deputy General Counsel*

Adam L. Sorensen
*Counsel*

FEDERAL COMMUNICATIONS COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal Communications Commission*

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1):

   ☒ this document contains 644 words, *or*

   ☐ this document uses a monospaced typeface and contains ____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook, *or*

   ☐ this document has been prepared in a monospaced spaced typeface using _________________ with ____________________.

/s/ *Adam Sorensen*
Adam Sorensen
*Counsel for Respondent*
*Federal Communications Commission*