**No. 26-1176**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**LIVEVIDEO.AI CORP.,**
Petitioner,
**v.**
**FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,**
Respondents.

---

On Petition for Review of an Order of the Federal Communications Commission

---

# PETITIONER'S REPLY IN SUPPORT OF NARROWED ADMINISTRATIVE RELIEF AND LIMITED CASE MANAGEMENT

---

## I. INTRODUCTION

Appellant respectfully replies to Appellee Federal Communications Commission's Opposition (Doc. No. 2190509, filed Aug. 28, 2026) ("Opp.") to Appellant's Administrative Motion to Relate and for Coordinated Case Management ("Motion").

This Reply narrows the requested relief. Appellant does not seek consolidation, transfer, coordinated merits briefing, cross-court discovery, supervision of the Northern District of California action, or adjudication in this Court of a claim under Section 7 of the Clayton Act. Appellant likewise does not ask the Court to decide the merits of MB Docket No. 26-93 or to treat post-July 24, 2025 materials as part of the decisional record for FCC 25-43.

Appellant requests only limited case-management relief: recognition that a parallel public action and a separate FCC ownership proceeding may generate developments bearing on jurisdiction, mootness, agency finality, or the practical availability of relief in this case; permission for concise notices of such developments; and preservation of the pending dismissal,

mandamus, and record-completion matters for resolution in their existing procedural sequence.

## II. ARGUMENT

### THE MOTION DOES NOT REQUIRE A FINDING THAT THE PROCEEDINGS ARE IDENTICAL

Respondent is correct that this petition concerns the FCC's July 24, 2025 grant of consent under 47 U.S.C. § 310(d) for transfer of broadcast-license control, whereas the Northern District of California action concerns a later proposed Paramount Skydance acquisition of Warner Bros. Discovery under Section 7 of the Clayton Act. Opp. 9–12. Petitioner does not dispute that the proceedings arise under different statutes, concern different formal transactions, and present different merits questions.

Those distinctions, however, do not require the Court to proceed without awareness of material public developments elsewhere. The relief now sought does not turn on a contention that the cases are the "same case," involve identical parties, or warrant coordinated adjudication across jurisdictions.

The connection is narrower. The FCC's July 24, 2025 order approved transfer of control of broadcast licenses held through Paramount Global; the Paramount-Skydance transaction then closed on August 7, 2025. Respondent further acknowledges a separate declaratory-ruling proceeding in MB Docket No. 26-93 concerning foreign ownership associated with the proposed Warner Bros. transaction, and that the States' antitrust action concerns that proposed transaction. Opp. 6–9. These matters remain legally distinct. But public developments in them may still bear on mootness, finality, timing, or the practical availability of relief respecting the federally licensed broadcast enterprise at issue here.

Petitioner accordingly seeks no substantive coordination. At most, the Court may note the pendency of the N.D. Cal. action for case-management awareness and permit either party to file a notice, not exceeding 500 words, upon a material public development in that action or MB Docket No. 26-93 bearing on jurisdiction, mootness, agency finality, or effective relief in this case.

**RESPONDENT'S NONFINALITY POSITION CONFIRMS THE NEED FOR ORDERLY, LIMITED CASE MANAGEMENT**

The FCC's motion to dismiss asserts that "all of LiveVideo's post-decision filings before the agency remain pending," and that the petition is therefore "incurably premature." FCC Mot. to Dismiss 7–9 (Doc. No. 2186123, filed July 31, 2026). It also seeks deferral of the certified index and suspension of Petitioner's record-completion motion. Id. at 9.

Petitioner does not ask this Court, through this reply, to decide the finality effect of any particular FCC filing. Nor does Petitioner seek in this reply an order compelling record certification; that request remains before the Court through Petitioner's separate record-completion motion and contemporaneously filed limited judicial-notice and supplemental-certification motion.

But Respondent's own position makes a limited notice mechanism appropriate. The claimed distinction among reconsideration petitions, Applications for Review, record-related motions, declaratory-ruling petitions, correspondence, evidentiary submissions, and filings that may have been amended, superseded, withdrawn, rejected, referred, or resolved may bear on the scope and timing of the Court's consideration of the pending motions. A concise

notice procedure permits the parties to identify a genuinely material public development without converting later events into evidence supporting the merits of FCC 25-43.

The same distinction governs Appellant's separate certification motion. Agency action must be judged on the grounds actually invoked by the agency, not a post hoc rationale supplied in litigation. SEC v. Chenery Corp., 318 U.S. 80, 87 (1943). And where the administrative record or explanation is inadequate for meaningful review, the normal course is further agency explanation or remand rather than appellate factfinding. Camp v. Pitts, 411 U.S. 138, 142–43 (1973) (per curiam). The concurrent motion seeks that limited, record-focused relief. This reply does not. *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973) (per curiam).

**RESPONDENT HAS MADE THE SDNY PROCEEDING RELEVANT AND MAY NOT INVOKE IT SELECTIVELY**

Respondent affirmatively invokes the Southern District of New York proceeding, LiveVideo.AI Corp. v. Redstone, No. 1:24-cv-06290, to challenge Petitioner's description of earlier antitrust-related

allegations and to characterize the procedural treatment of Petitioner's supplemental pleading. Opp. 12–13 & n.6. Respondent has thus made the existence and procedural posture of that proceeding relevant to its opposition.

Petitioner does not contend that the SDNY pleading states an operative Clayton Act claim in this Court. Petitioner does not seek to revive, review, or adjudicate any SDNY claim. Nor does Petitioner contend that the SDNY proceeding transforms this petition into an antitrust appeal.

The point is narrower. Respondent cannot use a collateral proceeding to discredit Petitioner's description of the relationship among public proceedings while insisting that the proceeding's accurate procedural context is categorically irrelevant to a confined request for notice and case management. A party's advocacy in the SDNY matter is evidence only that the party made a representation; it is not a Commission finding and cannot substitute for a reasoned explanation of FCC 25-43. See Chenery, 318 U.S. at 87; Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

Petitioner's concurrently filed certification motion therefore seeks no SDNY merits adjudication. It requests only that the FCC identify any reliance in FCC 25-43, including Footnote 60, on materials concerning Petitioner's litigation history: the specific material relied upon, its purpose, whether it was in or otherwise available to the administrative record before July 24, 2025, and whether the Commission treated a procedural disposition as a merits determination concerning Petitioner or Petitioner's FCC submissions. That is a request for the agency's stated basis, not an invitation for this Court to decide disputed collateral facts.

## THE CONCURRENT JUDICIAL-NOTICE MOTION PROVIDES THE PROPER PROCEDURAL LANE FOR NEW PUBLIC MATERIALS

Petitioner contemporaneously files a confined motion under Federal Rules of Appellate Procedure 16, 17, and 27, and Federal Rule of Evidence 201. That motion requests judicial notice only of identified public records' existence, dates, docket associations, and facial contents; it does not ask the Court to accept disputed assertions as true, resolve allegations of impropriety, or enlarge the decisional record for FCC 25-43.

The motion further requests a record-focused FCC certification concerning the particular post-order filings Respondent invokes, the Commission's treatment of specified materials, and the basis for any relevant omission or withholding. Newly issued Senate correspondence is presented only as a current procedural matter—whether the FCC received, docketed, retained, transmitted, or associated the identified correspondence with a pending agency proceeding. Petitioner does not contend that post-order correspondence establishes what the Commission considered when it issued FCC 25-43 on July 24, 2025.

This division of issues is deliberate. The relation motion seeks no extra-record merits determination. The judicial-notice and certification motion seeks limited notice and an agency account of defined record-treatment questions. Neither request asks this Court to decide the merits of the N.D. Cal. action, MB Docket No. 26-93, or any collateral proceeding.

## THE COURT MAY GRANT NARROW ALTERNATIVE RELIEF

If the Court concludes that formal “relation” is inapt, Petitioner respectfully requests the following limited alternative relief:

1. Note in an order that State of California et al. v. Paramount Skydance Corp., No. 4:26-cv-07116-AMO (N.D. Cal.), is a parallel public proceeding identified solely for case-management awareness.
2. Permit either party to file a notice, not exceeding 500 words, if a material public development in the N.D. Cal. action or MB Docket No. 26-93 bears on jurisdiction, mootness, agency finality, or the practical availability of relief in this case.
3. Permit Petitioner to provide notice of this proceeding and the Court’s order to the California Attorney General and the other State plaintiffs, leaving participation entirely to their independent judgment.
4. Consider the pending motion to dismiss, alternative mandamus request, motion to complete and certify the administrative record, and judicial-notice motions independently and in their existing procedural sequence, without treating this motion as a request for consolidation or cross-court merits coordination.

This relief imposes no discovery burden, alters no district-court schedule, imports no antitrust claim into this petition, and does not expand the record underlying FCC 25-43. It simply ensures that the Court may receive concise notice if the public procedural setting materially changes while jurisdictional and record-related motions remain pending. Petitioner acknowledges that its prior citation to Local Rule 45.7 was erroneous and inapplicable; the Court may nevertheless grant the limited case-management relief requested below.

## III. CONCLUSION

Appellant respectfully requests that the Court grant the Motion as narrowed above or, alternatively, deny formal relation without prejudice while entering the limited notice-and-case-management relief requested above.

Dated: September 4, 2026

Respectfully submitted,


/s/ Alfred C. Constants III, Esq.
Counsel for Petitioner LiveVideo.AI Corp.
Constants Law Offices, LLC
115 Forest Avenue, Unit 331
Locust Valley, NY 11560
Tel: (516) 200-9660

Email: constantslaw49@gmail.com

**[PROPOSED] ORDER**

Upon consideration of Petitioner's Administrative Motion to Relate and for Coordinated Case Management, Respondent Federal Communications Commission's opposition, and Petitioner's reply, it is

ORDERED that the Motion is GRANTED IN PART and DENIED IN PART.

The request for formal relation, consolidation, coordinated merits briefing, cross-court discovery, or supervision of State of California et al. v. Paramount Skydance Corp., No. 4:26-cv-07116-AMO (N.D. Cal.), is DENIED.

For case-management purposes only, the Court notes the pendency of State of California et al. v. Paramount Skydance Corp., No. 4:26-cv-07116-AMO (N.D. Cal.), and the separate FCC proceeding in MB Docket No. 26-93.

Either party may file a notice not exceeding 500 words within seven days after a material public development in the N.D. Cal. action or MB Docket No. 26-93 that materially bears on jurisdiction, mootness, agency finality, or the practical availability of relief in this case.

Petitioner may serve a copy of this Order and the pending public motions in this case on the California Attorney General and the other plaintiffs in the N.D. Cal. action. Nothing in this Order directs any State, party, or nonparty to appear, intervene, file a response, or otherwise participate in this proceeding.

This Order does not incorporate the record of the N.D. Cal. action or MB Docket No. 26-93 into the administrative record supporting FCC 25-43. It does not authorize judicial notice of disputed facts, discovery, merits coordination, or any determination concerning the merits of the N.D. Cal. action, MB Docket No. 26-93, or FCC 25-43.

The Court will consider the pending motion to dismiss, alternative request for mandamus, motion to complete and certify the administrative record, and any pending judicial-notice motion independently and in their existing procedural sequence.

SO ORDERED.

______________________________

United States Circuit Judge

Date: _________________________

CERTIFICATE OF COMPLIANCE

This rply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f), it contains 1990 words according to the word-processing system used to prepare it.

This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

/s/ Alfred C. Constants III

Alfred C. Constants III

## CERTIFICATE OF SERVICE

I certify that on September 4, 2026, I electronically filed the foregoing reply with the Clerk of the Court using the Court's CM/ECF system, which will serve all counsel of record.

/s/ Alfred C. Constants III

Alfred C. Constants III