**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

LIVEVIDEO.AI CORP.,
Petitioner,

v. No. 26-1176

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,
Respondents.

On Petition for Review of an Order of the Federal Communications Commission, FCC 25-43, MB Docket No. 24-275

# PETITIONER'S MOTION FOR LIMITED CLARIFICATION OF RESPONDENTS' PREMATURITY POSITION

Petitioner LiveVideo.AI Corp. respectfully moves under Federal Rule of Appellate Procedure 27 for limited clarification concerning Respondents' Motion to Dismiss, to Defer Filing of the Record, and to Suspend Briefing, Doc. No. 2186123.

Respondents contend that this petition is "incurably premature" because Petitioner's post-decision filings before the Commission render FCC 25-43 nonfinal. Doc. No. 2186123 at 8-9. Respondents identify five filings as petitions for reconsideration, identify two applications for review and other submissions, and state that all of Petitioner's post-decision filings remain pending. Id. at 6-7.

Petitioner does not seek discovery, a declaration, certification, affidavit, document production, privilege log, judicial notice, record supplementation, supplemental merits briefing, or a ruling on finality, standing, timeliness, exhaustion, jurisdiction, or the merits. Petitioner also does not contend that Respondents must establish that only one filing bears on finality.

Petitioner requests only that Respondents identify, in a short supplemental response, the particular post-July 24, 2025 filing or filings on which they rely in support of their contention that FCC 25-43

is nonfinal or that this petition is premature. The requested response would state each relied-upon filing's date, title, filer, ECFS submission identifier, and whether Respondents contend it remains pending.

**Memorandum in Support**

Respondents invoke the rule that a pending agency reconsideration request by the party seeking judicial review can render the challenged action nonfinal as to that party. See BellSouth Corp. v. FCC, 17 F.3d 1487, 1489-90 (D.C. Cir. 1994); United Transportation Union v. ICC, 871 F.2d 1114, 1116-18 (D.C. Cir. 1989). A petition for review filed before agency disposition of such a request is ordinarily "incurably premature." TeleSTAR, Inc. v. FCC, 888 F.2d 132, 134 (D.C. Cir. 1989).

Petitioner does not dispute those principles. The question is narrower. The cited decisions involved identified reconsideration requests by the party seeking judicial review. If the Court determines that Respondents' current filing descriptions do not sufficiently identify the post-order filing or filings to which Respondents apply their finality theory, a short clarification will permit focused resolution of the dismissal motion.

Respondents' motion identifies a group of post-order submissions and asserts that all remain pending. Doc. No. 2186123 at 6-9. Petitioner does not ask the Court now to decide whether those descriptions suffice; whether any listed submission is, as a matter of law, a reconsideration petition; whether any submission is timely or operative; or what consequence, if any, follows from its pendency. The requested clarification is limited to identifying the particular filing or filings Respondents invoke and stating whether they contend those filings remain pending.

Respondents' July 9, 2026 opposition provides a separate reason why focused clarification may assist the Court. There, Respondents stated that none of the listed post-order filings "challenged or otherwise addressed" the Commission's determination that Petitioner lacked standing to participate in the proceeding or "attempted to establish" that Petitioner met the requirements to seek reconsideration. Doc. No. 2182487 at 9-10. Petitioner does not contend that this statement resolves the finality question or prevents Respondents from relying on a pending reconsideration request. It does, however,

underscore the utility of identifying the specific filings Respondents contend presently preclude review.

The requested relief is narrow and non-evidentiary. It requires no additional legal briefing beyond Respondents' existing position, no new evidence, no record correction, and no inquiry into agency deliberations. If the Court concludes that Respondents' existing motion adequately identifies their asserted finality predicates, it may deny this motion without further proceedings. If the Court concludes that clarification would assist resolution of the dismissal motion, Respondents can provide the requested filing identification within seven days.

**Conclusion**

Petitioner respectfully requests that the Court enter the accompanying proposed order directing Respondents, within seven days, to file a short supplemental response identifying each post-July 24, 2025 filing in MB Docket No. 24-275 on which they rely in support of their contention that FCC 25-43 is nonfinal or that this petition is premature, by filing date, title, filer, ECFS submission identifier, and whether Respondents contend the filing remains pending.

Dated: September 9, 2026

Respectfully submitted,

/s/ Alfred C. Constants III

Alfred C. Constants III, Esq.

Constants Law Offices, LLC

115 Forest Avenue, Unit 331

Locust Valley, NY 11560

(516) 200-9660

constantslaw49@gmail.com

Counsel for Petitioner

LiveVideo.AI Corp.

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

LIVEVIDEO.AI CORP.,
Petitioner,

v. No. 26-1176

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,
Respondents.

On Petition for Review of an Order of the
Federal Communications Commission
FCC 25-43, MB Docket No. 24-275

**[PROPOSED] ORDER**

Upon consideration of Petitioner's Motion for Limited Clarification of Respondents' Prematurity Position, any response thereto, and the record in this matter, it is hereby

ORDERED that, within seven days after entry of this Order, Respondents shall file a short supplemental response identifying each post-July 24, 2025 filing in MB Docket No. 24-275 on which Respondents rely in support of their contention that FCC 25-43 is nonfinal or that this petition is premature.

For each identified filing, Respondents shall state:

The filing date;

The filing title;

The filer;

The ECFS submission identifier; and

Whether Respondents contend the filing remains pending.

If Respondents contend that their Motion to Dismiss, to Defer Filing of the Record, and to Suspend Briefing, Doc. No. 2186123, already identifies all filings on which they rely for their prematurity contention, they may satisfy this Order by filing a short supplemental response confirming that position and identifying the pertinent pages and footnotes of Doc. No. 2186123.

The supplemental response shall not require or constitute additional legal briefing beyond Respondents' existing position in Doc. No. 2186123; a declaration, affidavit, certification, verification, discovery response, document production, privilege log, record supplementation, or merits submission.

Nothing in this Order determines whether any identified filing is a petition for reconsideration; whether any filing is timely, operative, or capable of affecting finality or present reviewability; or whether Respondents' Motion to Dismiss should be granted. Nothing in this

Order resolves jurisdiction, standing, exhaustion, timeliness, merits, remedy, or any other issue in this matter.

SO ORDERED.

United States Circuit Judge

Date: ________________________

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026, I filed the foregoing motion, together with the accompanying proposed order, through the Court's CM/ECF system, which served all counsel of record registered for electronic service in No. 26-1176.

/s/ Alfred C. Constants III
Alfred C. Constants III

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1), it contains 1,198 words.

This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using 14-point Century Schoolbook.

Dated: September 9, 2026

/s/ Alfred C. Constants III
Alfred C. Constants III